# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| MANUEL RAMIREZ, | |
| Plaintiff(s), | Case No. 2:13-cv-00440-JCM-NJK |
| vs. | REPORT AND RECOMMENDATION |
| CAROLYN W. COLVIN, COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant(s). | |

This case involves judicial review of administrative action by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for disability insurance benefits pursuant to Title II of the Social Security Act, 42 U.S.C. Ch. 7. Currently pending before the Court is Plaintiff's Motion for Reversal and/or Remand. Docket No. 19. The Commissioner filed a response in opposition and a Cross-Motion to Affirm. Docket Nos. 22-23. Plaintiff filed a reply. Docket No. 24 This action was referred to the undersigned magistrate judge for a report of findings and recommendation pursuant to 28 U.S.C. 636(b)(1)(B)-(C) and Local Rule IB 1-4.

**I.   BACKGROUND**

   A.   Procedural History

On July 15, 2010, Plaintiff filed an application for a period of disability and disability insurance benefits alleging that he became disabled on April 15, 2010. *See, e.g.*, Administrative Record ("A.R.") 132-140. His claims were denied initially on October 21, 2010, and upon reconsideration on March 7, 2011. A.R. 88-91, 93-95. On March 21, 2011, Plaintiff filed a request for a hearing before an

Administrative Law Judge ("ALJ"). A.R. 96. On January 10, 2012, Plaintiff, his attorney, and a vocational expert appeared for a hearing before ALJ David Gatto. *See* A.R. 52-73. On January 27, 2012, the ALJ issued an unfavorable decision finding that Plaintiff had not been under a disability, as defined by the Social Security Act, from April 15, 2010 through the date of his decision. A.R. 32-51. The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review on December 21, 2012. A.R. 6-12.

On March 15, 2013, Plaintiff commenced this action for judicial review pursuant to 42 U.S.C. § 405(g). *See* Docket No. 1-1 (complaint). Plaintiff filed an application for leave to appear *in forma pauperis*, which the Court initially denied as incomplete. Docket No. 3. The Court granted the amended application. Docket No. 5.

B.   The ALJ Decision

The ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. § 404.1520, and issued an unfavorable decision on January 27, 2012. A.R. 32-51. At the first step of the five-step sequential analysis, the ALJ determined that Manuel Ramirez had not engaged in any substantial gainful activity since he alleged the onset of disability commencing April 15, 2010. A.R. 37. At the second step, the ALJ determined that Ramirez suffers from severe degenerative disc disease of the cervical spine, history of bilateral hand pain, and history of right knee pain. *Id*. The ALJ determined that Manuel Ramirez did not suffer from any severe mental impairment, and that Ramirez's ability to maintain social functioning and maintaining concentration, persistence or pace was only mildly limited. A.R. 39. At the third step, the ALJ determined that Ramirez did not meet or equal any listed impairment in 20 C.F.R., Part 404, Subpart P, Appendix 1. A.R. 40.

At the fourth step, the ALJ determined that Plaintiff retains the residual functional capacity ("RFC") to perform "light work" as defined under 20 C.F.R. § 404.1567(b); frequently climb stairs and ramps; never climb ladders, ropes or scaffolds; frequently balance, stoop, kneel and crouch; cannot crawl; cannot be exposed to extreme cold and hazards such as unprotected heights or dangerous moving machinery; and frequently perform fine and gross manipulation tasks with the bilateral upper extremities. A.R. 41. The ALJ determined that Plaintiff retained the ability to perform his past relevant

work as security officer. A.R. 46. The ALJ thus concluded that Plaintiff was not disabled at any time from the alleged onset date of disability through the date of the decision. A.R. 47.

## II. STANDARDS

### A. Judicial Standard of Review

The Court's review of administrative decisions in social security disability benefits cases is governed by 42 U.S.C. § 405(g). *See Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002). Section 405(g) provides that, "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action . . . brought in the district court of the United States for the judicial district in which the plaintiff resides." The Court may enter, "upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *Id.*

The Commissioner's findings of fact are deemed conclusive if supported by substantial evidence. *Id.* To that end, the Court must uphold the Commissioner's decision denying benefits if the Commissioner applied the proper legal standard and there is substantial evidence in the record as a whole to support the decision. *See, e.g., Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005). The Ninth Circuit defines substantial evidence as "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). In determining whether the Commissioner's findings are supported by substantial evidence, the Court reviews the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *See, e.g.*, *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998).

Under the substantial evidence test, the Commissioner's findings must be upheld if supported by inferences reasonably drawn from the record. *Batson v. Comm'r Soc. Sec. Admin.,* 359 F.3d 1190, 1193 (9th Cir. 2004). When the evidence will support more than one rational interpretation, the Court must defer to the Commissioner's interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Consequently, the issue before this Court is not whether the Commissioner could reasonably have reached a different conclusion, but whether the final decision is supported by substantial evidence.

It is incumbent on the ALJ to make specific findings so that the Court does not speculate as to the basis of the findings when determining if the Commissioner's decision is supported by substantial evidence. The ALJ's findings should be as comprehensive and analytical as feasible and, where appropriate, should include a statement of subordinate factual foundations on which the ultimate factual conclusions are based, so that a reviewing court may know the basis for the decision. *See, e.g., Gonzalez v. Sullivan*, 914 F.2d 1197, 1200 (9th Cir. 1990).

B.     Disability Evaluation Process

The individual seeking disability benefits bears the initial burden of proving disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995). To meet this burden, the individual must demonstrate the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). More specifically, the individual must provide "specific medical evidence" in support of his claim for disability. *See, e.g.*, *Hughes v. Colvin*, 2:12-cv-1787-JCM-CWH, 2014 WL 1340019, *4 (D. Nev. Apr. 1, 2014) (citing 20 C.F.R. § 404.1514). If the individual establishes an inability to perform his prior work, then the burden shifts to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy. *Reddick*, 157 F.3d at 721.

The ALJ follows a five-step sequential evaluation process in determining whether an individual is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). If at any step the ALJ determines that he can make a finding of disability or nondisability, a determination will be made and no further evaluation is required. *See Barnhart v. Thomas*, 540 U.S. 20, 24 (2003); *see also* 20 C.F.R. § 404.1520(a)(4). The first step requires the ALJ to determine whether the individual is currently engaging in substantial gainful activity ("SGA"). 20 C.F.R. § 404.1520(b). SGA is defined as work activity that is both substantial and gainful; it involves doing significant physical or mental activities usually for pay or profit. 20 C.F.R. § 404.1572(a)-(b). If the individual is currently engaging in SGA, then a finding of not disabled is made. If the individual is not engaging in SGA, then the analysis proceeds to the second step.

The second step addresses whether the individual has a medically determinable impairment that is severe or a combination of impairments that significantly limits him from performing basic work activities. 20 C.F.R. § 404.1520(c). An impairment or combination of impairments is not severe when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on the individual's ability to work. 20 C.F.R. § 404.1521; Social Security Rulings ("SSRs") 85-28 and 96-3p.[1] If the individual does not have a severe medically determinable impairment or combination of impairments, then a finding of not disabled is made. If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to the third step.

The third step requires the ALJ to determine whether the individual's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526. If the individual's impairment or combination of impairments meet or equal the criteria of a listing and meet the duration requirement, 20 C.F.R. § 404.1509, then a finding of disabled is made, 20 C.F.R. § 404.1520(h). If the individual's impairment or combination of impairments does not meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds to the next step.

Before considering step four of the sequential evaluation process, the ALJ must first determine the individual's residual functional capacity ("RFC"). 20 C.F.R. § 404.1520(e). The RFC is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. SSR 96-8p. In making this finding, the ALJ must consider all of the symptoms, including pain, and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. § 404.1529; SSRs 96-4p, 96-7p. To the extent that statements about the intensity, persistence, or functionally-limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the ALJ

---

[1] SSRs constitute the Social Security Administration's official interpretations of the statute it administers and its regulations. *See Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1224 (9th Cir. 2009); *see also* 20 C.F.R. § 402.35(b)(1). They are entitled to some deference as long as they are consistent with the Social Security Act and regulations. *Bray*, 554 F.3d at 1224.

must make a finding on the credibility of the individual's statements based on a consideration of the entire case record. The ALJ must also consider opinion evidence in accordance with the requirements of 20 C.F.R. § 404.1527 and SSRs 96-2p, 96-5p, 96-6p, and 06-3p.

The fourth step requires the ALJ to determine whether the individual has the RFC to perform her past relevant work ("PRW"). 20 C.F.R. § 404.1520(f). PRW means work performed either as the individual actually performed it or as it is generally performed in the national economy within the last 15 years or 15 years prior to the date that disability must be established. In addition, the work must have lasted long enough for the individual to learn the job and perform at SGA. 20 C.F.R. §§ 404.1560(b), 404.1565. If the individual has the RFC to perform his past work, then a finding of not disabled is made. If the individual is unable to perform any PRW or does not have any PRW, then the analysis proceeds to the fifth and final step.

The fifth and final step requires the ALJ to determine whether the individual is able to do any other work considering his residual functional capacity, age, education, and work experience. 20 C.F.R. § 404.1520(g). If he is able to do other work, then a finding of not disabled is made. Although the individual generally continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the Commissioner. The Commissioner is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the individual can do. *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).

### III.   ANALYSIS AND FINDINGS

Plaintiff raises two issues on appeal. First, Plaintiff asserts that the ALJ improperly rejected the examining physician's medical opinion. Second, Plaintiff asserts that the ALJ formulated an improper hypothetical to the vocational expert. The Commissioner disputes both assertions. The Court will address each argument below.

#### A.   TREATMENT OF EXAMINING DOCTOR'S REPORT

As the Ninth Circuit has made clear, "the opinion of an examining doctor, even if contradicted by another doctor, can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." *Morgan v. Comm'r of Social Sec. Admin.*, 169 F.3d 595, 603-04 (9th

Cir. 1999) (quoting *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995)). "The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). In this case, Plaintiff assigns error to the ALJ's reliance on the opinion of the State agency's psychological consultant and the ALJ's rejection of the psychological consultative examiner. Docket No. 19 at 6-11. The Commissioner responds that the ALJ was permitted to give limited weight to the psychological consultative examiner's report in light of the ALJ's evaluation of the other evidence in the record, including evidence that was not available at the time of the psychological consultative examiner's evaluation. *See* Docket No. 22 at 4-7. The Commissioner's position is more persuasive.[2]

On February 5, 2011, Plaintiff was evaluated by Dr. Paul Jones. *See* A.R. 272-276. Based on his examination of Plaintiff, Dr. Jones opined that, *inter alia*, Plaintiff may have cognitive difficulty with tasks involving complex instructions and may have periodic lapses in concentration to an extent that would limit his ability to sustain satisfactory performance in the workplace. A.R. 276.

By contrast, on March 4, 2011, Dr. Jack Araza opined that Plaintiff did not have a severe mental impairment. *See* A.R. 291-304.

The ALJ ultimately gave great weight to Dr. Araza's report, and gave less than significant weight to Dr. Jones' report. The ALJ found that Dr. Araza's report was consistent "with the lack of any significant positive findings of a mental impairment that affected the claimant more than minimally. There is no medical source statement from any source suggesting the claimant had a mental impairment that affected the claimant more than minimally." A.R. 39. By contrast, the ALJ asserted that Dr. Jones "incorrectly determined that the claimant's depression more than minimally affected the claimant's ability to perform basic work activities." A.R. 39. Contrary to Plaintiff's contention here, the ALJ provided specific and legitimate reasons for doing so; namely, that the record as a whole did not support that conclusion, especially in light of evidence that arose after Dr. Jones conducted his examination. A.R. 39.

---

[2] The Commissioner argues alternatively that any error at step two was inconsequential to the ALJ's ultimate determination. *See* Docket No. 22 at 4. Because the Court concludes that the ALJ did not err, it does not address this argument.

1    Plaintiff argues that sufficient reasons were not articulated for discounting Dr. Jones' report,
2 asserting that the "ALJ did not specify what that later-procured evidence is." Docket No. 24 at 6.
3 Plaintiff's position is inconsistent with the record. The ALJ outlined new evidence that arose after Dr.
4 Jones' examination that was inconsistent with his conclusion:

> [O]n December 28, 2011, a psychological examination indicated that the claimant had normal mood, affect, judgment, and perceptual processes. (Ex. 12F, at 2.) In addition, on November 28, 2011, the claimant felt somewhat depressed but had normal judgment and perceptual processes. (*Id.* at 4.) Further, a depression screen yielded normal findings. The claimant reported that he was not depressed, hopeless, or disinterested in participating in activities. (*Id.* at 7.) To be sure, the results of the examination were that the claimant had a negative examination for depression. (*Id.*).

9  A.R. 38. The ALJ then specifically referred to this evidence in explaining that Dr. Jones' report did not
10 have the benefit of new, contrary evidence: "This opinion did not have the benefit of considering the
11 additional evidence that was available only after the reconsideration determination including subsequent
12 medical evidence and the hearing testimony. (Ex. 12F.)" A.R. 39. Given that the ALJ expressly
13 discusses the new evidence and then cites to it, the Court finds Plaintiff's position unconvincing.

14    B.    HYPOTHETICAL TO VOCATIONAL EXPERT

15    Plaintiff also asserts that the ALJ provided the vocational expert with an incomplete hypothetical
16 because it did not include consideration of Plaintiff's non-severe limitations. Docket No. 19 at 11-13.
17 The Commissioner responds that the ALJ's hypothetical was proper because the ALJ correctly
18 formulated the RFC and the hypothetical included all of the restrictions in the RFC. Docket No. 22 at
19 7. The Court agrees with the Commissioner.

20    "[T]he Commissioner, through the ALJ, must determine the claimant's 'residual functional
21 capacity,' a summary of what the claimant is capable of doing (for example, how much weight he can
22 lift)." *Valentine v. Comm'r of Social Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009). "The ALJ may
23 . . . pose to a vocational expert a hypothetical incorporating the residual function capacity determination
24 ('RFC'); the expert then opines on what kind of work someone with the limitations of the claimant could
25 hypothetically do." *Id.*

26    In this case, the ALJ found that Plaintiff had severe medically determinable impairments
27 including degenerative disc disease of the cervical spine, history of bilateral hand pain, and history of
28 right knee pain. A.R. 37. The ALJ concluded that Plaintiff's medically determinable mental impairment

of depressive disorder, not otherwise specified, did not cause more than a minimal limitation in his ability to perform basic mental work activities and was therefore non-severe. A.R. 38-39. Considering both his severe and non-severe impairments, A.R. 40 (expressly stating that the determination of the RFC included consideration of Plaintiff's non-severe impairments and citing 20 C.F.R. § 404.1545), the ALJ found that Plaintiff had the RFC to perform a reduced range of light work and that he did not have mental-related work restrictions, A.R. 41-46.[3] The ALJ formulated a hypothetical to the VE consistent with that RFC. A.R. 67-68. Accordingly, the ALJ did not err in formulating the hypothetical.

## IV.  CONCLUSION

Judicial review of the Commissioner's decision to deny disability benefits is limited to determining whether the decision is free from legal error and supported by substantial evidence. It is the ALJ's responsibility to make findings of fact, draw reasonable inferences from the record, and resolve conflicts in the evidence including differences of opinion. Having reviewed the Administrative Record as a whole and weighed the evidence that supports and detracts from the conclusion, the Court finds that the ALJ's decision is supported by substantial evidence under 42 U.S.C. § 405(g) and the ALJ did not commit legal error.

Based on the forgoing, the undersigned hereby **RECOMMENDS** that Plaintiff's Motion for Reversal and/or Remand (Docket No. 19) be **DENIED** and that Defendant's Cross-Motion to Affirm (Docket No. 23 ) be **GRANTED**.

## NOTICE

Pursuant to Local Rule IB 3-2 **any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within 14 days of service of this document.** The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This

---

[3] Plaintiff cites to the Ninth Circuit's unpublished opinion in *Hutton v. Astrue*, which indicated that "[r]egardless of severity, however, the ALJ was still required to consider Hutton's PTSD when he determined Hutton's RFC." 491 F. App'x 850 (9th Cir. 2012). *Hutton* is inapposite here given that the ALJ did consider the non-severe limitations in determining Plaintiff's RFC. *See Sisco v. Colvin*, 2014 WL 2859187, *7-8 (N.D. Cal. June 20, 2014) (distinguishing *Hutton*); *see also Webb v. Colvin*, 2013 WL 5947771, *12 (D. Nev. Nov. 5, 2013) (same).

circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

IT IS SO ORDERED.

DATED: March 12, 2015

_____
NANCY J. KOPPE
United States Magistrate Judge