UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MANUEL R. RAMIREZ,<br><br>                     Plaintiff(s),<br><br>     v.<br><br>CAROLYN W. COLVIN,<br><br>                     Defendant(s). | Case No. 2:13-CV-440 JCM (NJK)<br><br>ORDER |

Presently before the court are the report and recommendation of Magistrate Judge Koppe. (Doc. # 26). Plaintiff Manuel Ramirez (hereinafter "plaintiff") filed objections to the report and recommendation, (doc. # 29), and defendant Carolyn Colvin (hereinafter "defendant") filed a response to plaintiff's objections, (doc. # 30).

**I.     Background**

On July 15, 2010, plaintiff filed an application for disability benefits, alleging that he became disabled on April 15, 2010. The Social Security Administration ("SSA") denied his claims. On March 21, 2011, plaintiff filed a request for a hearing before an administrative law judge ("ALJ"). (Doc. # 26).

On January 10, 2012, plaintiff appeared for a hearing before the ALJ. On January 27, 2012, the ALJ issued an unfavorable decision. The ALJ concluded that from April 15, 2010, through the date of his decision, plaintiff was not under a disability as defined by the Social Security Act. On December 21, 2012, the appeals council denied plaintiff's request for review. (Doc. # 26).

On March 15, 2013, plaintiff brought the instant action seeking review of the social security commissioner's denial of plaintiff's application for disability insurance benefits. (Docs. # 1, 6). On March 10, 2014, plaintiff filed a motion for reversal and/or remand. (Doc. # 19). On March

**James C. Mahan**
**U.S. District Judge**

22, 2014, defendant filed a cross-motion to affirm. (Doc. # 23). Upon review of the parties' motions, the magistrate judge recommended that plaintiff's motion be denied and defendant's cross-motion be granted. (Doc. # 26).

On April 27, 2015, plaintiff filed the instant objections. (Doc. # 29). On May 7, 2015, defendant filed her response to plaintiff's objections. (Doc. # 30).

## II.     Legal Standard

A party may file specific written objections to the findings and recommendations of a United States magistrate judge made pursuant to Local Rule IB 1-4. 28 U.S.C. § 636(b)(1)(B); LR IB 3-2. Where a party timely objects to a magistrate judge's report and recommendation, the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). The court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id.*

Pursuant to Local Rule IB 3-2(a), a party may object to the report and recommendation of a magistrate judge within fourteen days from the date of service of the findings and recommendations. LR IB 3-2(a). Similarly, Local Rule 7-2 provides that a party must file an opposition to a motion within fourteen days after service of the motion. LR 7-2.

## III.    Discussion

Plaintiff contends that the ALJ (1) improperly rejected the examining physician's medical opinion, and (2) formulated an incomplete hypothetical to the vocational expert. (Doc. # 26).

Plaintiff takes issue with the ALJ's reliance on the opinions of Dr. Araza, the state agency's psychological consultant, over those of Dr. Jones, the examining physician. Plaintiff contends that Judge Koppe erred in finding that the ALJ's decision was supported by substantial evidence. (Doc. # 29). The court disagrees.

While an examining physician's opinion should be afforded deference in the disability determination, it may not be conclusive. *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 603-04 (9th Cir. 1999). Where a nontreating doctor's opinion contradicts that of the examining physician, the latter "may be rejected only if the ALJ gives specific, legitimate reasons for doing

1  so that are based on substantial evidence in the record." *Andrews v. Shalala*, 53 F.3d 1035, 1041-
2  42 (9th Cir. 1995) (concluding that ALJ's reliance on nontreating doctor's opinion met this
3  standard); *see also Morgan*, 169 F.3d at 601-03 (same).

4        In his decision, the ALJ explicitly rejected Dr. Jones's conclusions on the grounds that they
5  were not supported by the record as a whole. In particular, the ALJ noted that relevant conflicting
6  evidence arose after Dr. Jones examined plaintiff, weakening the force of Dr. Jones's opinion.
7  Administrative Record ("A.R.") at 39.

8        Plaintiff argues that the ALJ's reasoning on this issue was faulty because neither Dr. Araza
9  nor Dr. Jones reviewed the subsequently-procured records. According to plaintiff, the ALJ
10  therefore could not properly afford Dr. Araza's opinion more weight. (Doc. # 29).

11        Plaintiff mischaracterizes the ALJ's decision on this point. The ALJ declined to adopt Dr.
12  Jones's opinion on plaintiff's disability status because the doctor's conclusions were inconsistent
13  with evidence in the record, not simply because Dr. Jones had not considered the late evidence.
14  A.R. at 39. Accordingly, reversal is not appropriate on this basis.

15        Plaintiff next suggests that "the subsequent records are insubstantial, and fail to counter
16  Dr. Jones [sic] opinions." Plaintiff emphasizes that these documents were "not psychiatric
17  records" but rather "general observations made during a general follow-up visit." (Doc. # 26).
18  These facts are inconsequential. Regardless of the type and nature of the evidence, the ALJ
19  properly considered it and reached his decision based on the record as a whole.

20        Plaintiff also relies on certain aspects of his treatment record in arguing for reversal or
21  remand. Specifically, plaintiff points to a physician's prescription of a psychotropic medication
22  for plaintiff's depression as well as documentation of "persisting pain symptoms," for which he
23  was also prescribed medicine. According to plaintiff, these exhibits show that he was obviously
24  disabled. (Doc. # 29).

25        Again, these facts are not conclusive as to plaintiff's legal disability status. As defendant
26  highlights, the court may not reweigh the factual record to determine whether a different result
27  than that reached by the ALJ is conceivable. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005);
28  *Jamerson v. Chater*, 112 F.3d 1064, 1067-68 (9th Cir. 1997). By contrast, the court must uphold

**James C. Mahan**
**U.S. District Judge**

the ALJ's decision if it was supported by substantial evidence and was not clearly erroneous. *Burch*, 400 F.3d at 679; *Jamerson*, 112 F.3d at 1067-68. The court finds that the ALJ's decision is adequately grounded in the evidence, and should be upheld.

Plaintiff further argues that the ALJ's hypothetical was improperly formulated because it did not account for plaintiff's mental limitation. (Doc. # 26). With regard to this objection, plaintiff contends that Judge Koppe inappropriately failed to note why Social Security Ruling ("SSR") 96-8p and the Ninth Circuit's opinion in *Hutton v. Astrue*, 491 F. App'x 850 (9th Cir. 2012), do not apply.

Notably, plaintiff misstates the contents of Judge Koppe's report and recommendation. At footnote 3 of her report and recommendation, Judge Koppe specifically addressed *Hutton*, concluding that it was "inapposite here given that the ALJ did consider the non-severe limitations in determining plaintiff's RFC." (Doc. # 26). The court agrees.

In *Hutton*, the plaintiff appealed the district court's decision affirming the ALJ's finding of no disability. 491 F. App'x at 850. The Ninth Circuit reversed and remanded in a memorandum disposition, explaining that the ALJ erred in failing to consider the plaintiff's PTSD in assessing the plaintiff's residual functional capacity ("RFC"). *Id.*

By contrast, the record here shows that the ALJ considered all of plaintiff's impairments before concluding that plaintiff did not meet the requisite definition of disability. A.R. at 40. *Hutton* is therefore distinguishable from the instant case. *See Sisco v. Colvin*, No. 13-cv-01817-LHK, 2014 WL 2859187 at *7 (rejecting identical argument by plaintiff); *Webb v. Colvin*, No. 2:12-cv-00592-GMN-PAL, 2013 WL 5947771 at *11 (D. Nev. Nov. 5, 2013) (finding plaintiff's reliance on *Hutton* to be misplaced for similar reasons).

Moreover, while Judge Koppe did not explicitly reject plaintiff's arguments relating to SSR 96-8p in her report and recommendation, that ruling is not controlling in this case and provides no basis for reversal.

Plaintiff contends that under SSR 96-8p, "[i]n some cases, even a mild or nonsevere mental limitation might make the difference between disability and nondisability." (Doc. # 29). SSR 96-8p acknowledges that mental limitations should be considered, in conjunction with other

**James C. Mahan**
**U.S. District Judge**

- 4 -

impairments, when assessing RFC. *See* SSR 96-8p, 1996 WL 374184 (July 2, 1996); *Orn v. Astrue*, 495 F.3d 625, 635-36 (9th Cir. 2007) (noting that SSA rulings serve as precedent for SSA case adjudication).

SSR 96-8p does not undermine the ALJ's conclusion here. The ALJ considered all relevant evidence, including plaintiff's mental impairment, and concluded that plaintiff was not entitled to benefits. A.R. at 40-47. Again, reversal or remand is not warranted absent a finding that the ALJ's decision was clearly erroneous or lacked supporting substantial evidence. *Burch*, 400 F.3d at 679; *Jamerson*, 112 F.3d at 1067-68.

The court agrees with Judge Koppe's conclusion that the ALJ's hypothetical was not improper. The ALJ may pose a hypothetical to a vocational expert incorporating the claimant's RFC. *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009). In the instant case, the ALJ considered all of plaintiff's impairments in fashioning the RFC, and properly incorporated the RFC into the hypothetical. A.R. at 41, 67-68. Accordingly, the court finds that the ALJ did not err on these grounds.

Having reviewed the parties' filings and the record *de novo*, the court finds that the ALJ's decision was supported by substantial evidence and should be affirmed. Contrary to plaintiff's contentions, the ALJ articulated specific reasons for rejecting Dr. Jones's opinion and considered all the evidence in crafting plaintiff's RFC. As a result, the court concurs with Judge Koppe's report and recommendation and will adopt them in their entirety.

**IV.     Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the report and recommendation of Magistrate Judge Koppe, (doc. # 26), be, and the same hereby are, ADOPTED in their entirety.

IT IS FURTHER ORDERED that plaintiff's motion to remand, (doc. # 19), be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that defendant's cross-motion to affirm, (doc. # 23), be, and the same hereby is, GRANTED.

**James C. Mahan**
**U.S. District Judge**

IT IS FURTHER ORDERED that this action be, and the same hereby is, DISMISSED. The clerk shall enter judgment accordingly and close the case.

DATED June 23, 2015.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**